UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DINA BUTTNER,

          Plaintiff(s),

   - against -

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

         Defendant.
-------------------------------------------------------------------X

          **CASE NO. 22-cv-7909**

          **COMPLAINT (ERISA)**

## INTRODUCTION

1. This case arises out of Defendants refusal to grant disability benefits to the Plaintiff. The Plaintiff is making a claim for Long Term Disability Benefits under the group policy number 52989 issued to PRATT Institute, which she is a member.

2. This is an action brought to review a final decision of the Defendant denying disability benefits to the Plaintiff. The action is for ERISA §502(a)(1)(B) and ERISA section 503.The Plaintiff properly made a claim for benefits; the Plaintiff exhausted the plan's administrative appeal process; the Plaintiff is entitled to a particular benefit under the plans terms and the Plaintiff was denied that benefit. As to section 503 the administrator denial was deficient, and administrator failed to fully and fairly review the claim.

## JURISDICTION

3. The plaintiff brings this action for declaratory, injunctive and monetary relief to §502(a)(1)(B) and § 502(a)(3). The Court has subject Act of 1974 ('ERISA"), 29 U.S.C § §1132 (a)(1)(B) and 1132 (a)(3). This Court has subject matter jurisdiction over Plaintiff's claims pursuant to ERISA § § 502 (e) and (f), 29 U.S.C § § 1132 (e) and (f), and 28 U.S.C § 1331.

## VENUE

4. Venue lies in the Eastern District of New York pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132 (e)(2), because the ERISA- governed plan at issue was administered in part in this district. Venue is also proper pursuant to 28 U.S.C § 1391(b) because some of the events or omissions giving rise to Ms. Buttner's claim occurred within the District, and Ms. Buttner resides in this district.

## PARTIES

5. At all relevant times, Ms. Buttner has been a beneficiary, as defined by ERISA

§3(8), 29 U.S.C § 1008(8), of the Plan, The Plan was a Long-Term Disability plan, under the group policy #52989 issued to PRATT institute by Prudential Insurance Company.

## FACTS

6.   The Plan defines disability as:

You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury and you are under the regular care of a doctor. And you have 20% or more loss in your monthly earnings.

7.   Ms. Buttner's claim states that she discontinued working as an Administrative Assistant on June 7, 2021 due to arthropathic psoriasis, idiopathic peripheral neuropathy, carpal tunnel syndrome (CTS), bilateral tarsal tunnel syndrome, muscle spasms and fibromyalgia.

8.   The Plaintiff has been under continuous medical care and her treating Doctors clearly indicated that she could not perform her past duties. Her limitations were significant that she was not able to perform the material and substantial duties of her regular occupation due to her sickness or injury.

9.   The Plaintiff also applied for Social Security benefits. The Social Security Administration after a hearing, found her totally disabled. The definition for Social Security **Benefits is that for a period of 12 months or longer, the claimant  cannot perform ANY gainful employment**. The definition for Social Security Disability is greater than the definition of the insurance plan.

## FIRST CLAIM FOR RELIEF

10. Plaintiff incorporates Paragraph 1 -9 as though fully set forth here.

11. Plaintiff has exhausted her administrative remedies.

12. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the term of a plan.

13. By reason of the foregoing the Plaintiff demands benefits for disability pursuant to the plan past and future.

## SECOND CLAIM FOR RELIEF

14. Plaintiff incorporates Paragraphs 1 through 13 as though fully set forth here.

15. The Administrators of the Defendant breached their fiduciary responsibility by failing to properly evaluate the Plaintiffs claim and denying same.

WHEREFORE, the Plaintiff prays that the Court grant the following relief:

### As to the First Claim for Relief:

A. Declare that Defendants have violated the terms of the Plan, by denying the claim.

B. Declare that the Plaintiff has a right to receive disability benefits.

C. Award Plaintiff reasonable attorney's fees and cost of suit pursuant to ERISA § 502(g),29 U.S.C. § 1132 (g); and

D. Provide such other relief as the Court deems equitable and just.

### As to the Second Claim for Relief:

A. Declare that the Defendant breached their fiduciary duty to Plaintiff.

B. Declare that the Plaintiff has a right to receive disability benefits.

C.  Award Plaintiff reasonable attorney's fees and cost of suit pursuant to ERISA § 502(g),29

U.S.C. § 1132 (g); and

D.  Provide such other relief as the Court deems equitable and just.

Dated: New York, New York
         December 28, 2022

                              MAX D. LEIFER, P.C.
                              Attorneys for Plaintiff
                              135 W 26th Street Suite 11-D
                              New York, NY 10001
                              MDL2003